# EXHIBIT A

# FIRST AMENDED COMPLAINT

# EXHIBIT A

Electronically Filed
12/6/2017 3:03 PM
Steven D. Grierson
CLERK OF THE COURT

Lawrence J. Semenza, III, Esq., Bar No. 7174
Email: ljs@skrlawyers.com
Christopher D. Kircher, Esq., Bar No. 11176
Email: cdk@skrlawyers.com
Jarrod L. Rickard, Esq., Bar No. 10203
Email jlr@skrlawyers.com
SEMENZA KIRCHER RICKARD
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803
Facsimile: (702) 920-8669

*Attorneys for Plaintiffs Colin Marshall, Caroline Ventola, Chris Cheng, Daniel Dykes and Winston Cheng*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| COLIN MARSHALL, an individual; CAROLINE VENTOLA, an individual; CHRIS CHENG, an individual; DANIEL DYKES, an individual; and WINSTON CHENG, and individual, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER GREGORY ROGERS, an individual; ROGERS HOLDINGS, II, LLC, a Nevada limited liability company; BARBARA L. ROGERS, an individual and Trustee/Beneficiary of The Rogers Family Trust; and DANNIE EARL ROGERS, an individual and Trustee/Beneficiary of The Rogers Family Trust; THE ROGERS FAMILY TRUST, an unknown entity; AIRBNB, INC., a Delaware corporation; DOES 1-50, unknown individuals; and ROE COMPANIES 1-50, unknown business entities,<br><br>Defendants. | Case No. A-16-747797-C<br>Dept. No. XXVIII<br><br>**FIRST AMENDED COMPLAINT (CLASS ACTION)**<br><br>**(Exempt from Arbitration Pursuant to NAR 5)**<br><br>**JURY TRIAL DEMANDED** |

For their First Amended Complaint, Plaintiffs Colin Marshall, Caroline Ventola, Chris Cheng, Daniel Dykes and Winston Cheng (together, "Plaintiffs") complain against Defendants

Christopher Gregory Rogers ("Rogers"), Rogers Holdings II, LLC ("Rogers Holdings"), Barbara L. Rogers ("B. Rogers"), Dannie Earl Rogers ("D. Rogers"), the Rogers Family Trust (the "Trust") and Airbnb, Inc. ("Airbnb") (collectively, "Defendants"), as follows:

## PARTIES

1. The Plaintiffs, as class representatives, meet all requirements of Nev. R Civ. P. 23. The claims asserted by Plaintiffs on behalf of those similarly situated meet all requirements of Nev. R. Civ. P. 23. The class claims set forth herein, are brought exclusively against Airbnb in this case.

2. Upon information and belief, Rogers is a resident of Clark County, Nevada and a Manager of Rogers Holdings.

3. Rogers Holdings purports to be a dissolved Nevada limited liability company.

4. B. Rogers is a Manager of Rogers Holdings and, upon information and belief, is a Trustee and Beneficiary of the Trust. Upon information and belief, B. Rogers is also Rogers' mother.

5. D. Rogers is a Manager of Rogers Holdings and, upon information and belief, is a Trustee and Beneficiary of the Trust. Upon information and belief, D Rogers is also Rogers' father.

6. The Trust was formed for the benefit of Rogers, B. Rogers and D. Rogers and upon information and belief, is a revocable living trust.

7. Airbnb is a Delaware corporation conducting business in Clark County, Nevada.

8. Although conducting business in Nevada, Airbnb is not licensed to conduct business within the State of Nevada.

9. The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiffs at this time and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of this Court to amend their First Amended Complaint to insert the true

Semenza Kircher Rickard
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

names and capacities of said DOES when the same become ascertained, and join said Defendants in this action.

10. The true names and capacities of the Defendants named herein as ROE COMPANIES 1 through 50, inclusive, are unknown to Plaintiffs at this time and Plaintiffs therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe, and therefore allege, that each of the Defendants designated herein as ROE COMPANIES are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of this Court to amend their First Amended Complaint to insert the true names and capacities of said ROE CORPORATIONS when the same become ascertained, and join said Defendants in this action.

11. Upon information and belief and at all relevant times, Rogers Holdings was the alter ego of Rogers, B. Rogers, D. Rogers and the Trust.

12. Upon information and belief and at all relevant times, the Trust was the alter ego of Rogers, B. Rogers, D. Rogers and Rogers Holdings.

13. The acts giving rise to the claims alleged herein occurred in the State of Nevada.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. On January 4, 2016, the Plaintiffs travelled to Las Vegas to attend the annual Consumer Electronics Show.

15. The Plaintiffs stayed at a home located at 7494 Forestdale, Court, Las Vegas, Nevada 89120, which is located in unincorporated Clark County, Nevada. Plaintiffs were to stay at the home through January 10, 2016, for a total of six (6) nights. The Defendants knowingly and intentionally leased the home where Plaintiffs stayed illegally and in violation of Clark County's short-term rental laws. The home was ostensibly leased by Rogers Holdings.

16. The home was rented through Airbnb's website by Plaintiff Winston Cheng.

17. When the home was leased, and during the January 2016 time frame, the home was owned by Rogers and/or Rogers Holdings.

18. Upon information and belief, Rogers is a convicted felon.

3

19. Recently, the Rogers and/or Rogers Holdings transferred ownership of the home at issue to B. Rogers, D. Rogers and the Trust in an apparent attempt to protect the home from potential creditors, including Plaintiffs.

20. The Plaintiffs, including Winston Cheng, who rented the home, were unaware that the home rental was in violation of Clark County, Nevada's short-term rental laws.

21. Airbnb, however, was aware that short-term rentals were illegal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

22. Airbnb failed to inform the Plaintiffs, including Winston Cheng, the individual who rented the home, and/or the general public that short-term rentals were illegal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

23. Airbnb negligently/knowingly misrepresented that that short-term rentals were legal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

24. Airbnb, through its website, intentionally promotes, permits, facilitates and coordinates illegal short-term home rentals in unincorporated Clark County, Nevada and in the City of Henderson, Nevada. In doing so, the Defendant derives a profit from these illegal transactions.

25. Winston Cheng would not have registered with or through Airbnb's website/mobile phone application or rented a home through it had he known that it intentionally promotes, permits, facilitates and coordinates illegal home rentals.

26. To the extent the other Plaintiffs, Colin Marshall, Caroline Ventola, Chris Cheng, and Daniel Dykes, may have registered with or through Airbnb's website/mobile phone application or rented a home through it, they would not have done so had they known that it intentionally promotes, permits, facilitates and coordinates illegal home rentals.

27. Upon information and belief, Airbnb conducts little or no background investigation relating to the individuals and/or companies that offer their homes for rent in unincorporated Clark County, Nevada and in the City of Henderson, Nevada, to ensure the privacy, safety and security of the individuals that stay in them.

28. Had Plaintiffs been made aware that Airbnb conducts little or no background investigation relating to the individuals and/or companies that offer their homes for rent they would not have registered with or through its website/mobile phone application or rented a home through it, to the extent they may have done so.

29. While the Plaintiffs were initially aware that surveillance cameras were located in the common areas of the home, they were reassured by Rogers and/or his authorized agent/employee that there were no cameras in the private areas of the home, including the bedrooms and bathrooms.

30. Later during their stay, the Plaintiffs noticed a smoke detector in a bedroom/bathroom that contained a small camera inside. The camera pointed directly at the bathroom/bedroom.

31. Prompted by this discovery, the Plaintiffs began looking in other bedrooms and bathrooms for other cameras.

32. The Plaintiffs found other surveillance cameras hidden in the private areas of the home also in smoke detectors.

33. The Plaintiffs took several photographs of the cameras located in the smoke detectors.

34. The Plaintiffs found other overnight accommodations after finding the hidden surveillance cameras.

35. After reporting the discovery of the surveillance cameras to law enforcement, it was determined that there were additional hidden surveillance cameras located in the private areas of the home.

36. It was also later determined that private images of the Plaintiffs were captured on a server located inside the home originating from the surveillance cameras in the private areas of the home.

37. While it is unclear whether the private images of the Plaintiffs were viewed by anyone other than law enforcement, Plaintiffs allege, upon information and belief, that the images

were or would have been viewed and/or disseminated in some fashion by Rogers and/or his agents/employees.

38. None of the Plaintiffs, nor any of the other occupants of the home, consented to the surreptitious recording.

39. Airbnb failed to refund Winston Cheng the cost of the rental of the home and he was forced to pay for alternative accommodations for both himself and others.

40. Additionally, Airbnb negligently permitted Rogers and/or Rogers Holdings to rent the home to Winston Cheng through its website even though Rogers had repeatedly violated Airbnb's Terms of Service and should have been banned from doing so well before the Plaintiffs' stay at the home.

## FIRST CAUSE OF ACTION
(Invasion of Privacy as to Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust)

41. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

42. Plaintiffs had an actual expectation of seclusion and solitude that was objectively reasonable.

43. Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust intentionally intruded upon the seclusion of the Plaintiffs.

44. Such an intrusion would be highly offensive to a reasonable person.

45. As a result of Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions and/or inactions, Plaintiffs are entitled to damages in excess of $15,000.

46. As a result of Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions and/or inactions, Plaintiffs have been forced to retain the undersigned counsel to prosecute this action and Plaintiffs are entitled to recover reasonable attorney's fees and costs.

47. Plaintiffs are informed and believe and thereon allege that Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct was willful, wonton and malicious and

was done with the conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs are entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
(Negligence Per Se as to Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust)

48. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

49. Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct, as described herein, violated NRS 200.604, NRS 116.340, and Clark County Code 30.44.010 among other potential statutes, codes, rules and regulations.

50. Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's violation of Nevada law is the cause of Plaintiffs' alleged damages.

51. Plaintiffs belong to the class of persons that the statutes were meant to protect.

52. Plaintiffs' alleged damages are the type against which the statutes were meant to protect.

53. As a result of the Defendants Rogers and/or Rogers Holdings' actions, Plaintiffs are entitled to damages in excess of $15,000.

54. As a result of Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions, Plaintiffs have been forced to retain the undersigned counsel to prosecute this action and Plaintiffs are entitled to recover reasonable attorney's fees and costs.

55. Plaintiffs are informed and believe and thereon allege that Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct was willful, wonton and malicious and was done with the conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs are entitled to an award of punitive damages.

///

///

///

7

### THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress as to Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust)

56. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

57. Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct, as described herein, was extreme or outrageous with either the intention of, or reckless disregard for, causing emotional distress to Plaintiffs.

58. Plaintiffs suffered severe or emotional distress as the actual or proximate result of Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct.

59. As a result of the Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions, Plaintiffs are entitled to damages in excess of $15,000.

60. As a result of Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions, Plaintiffs have been forced to retain the undersigned counsel to prosecute this action and Plaintiffs are entitled to recover reasonable attorney's fees and costs.

61. Plaintiffs are informed and believe and thereon allege that Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct was willful, wonton and malicious and was done with the conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs are entitled to an award of punitive damages.

### FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress as to Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust)

62. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

63. Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct, as described herein, was negligent, causing emotional distress to Plaintiffs.

Semenza Kircher Rickard
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Telephone: (702) 835-6803

64. Plaintiffs suffered severe or emotional distress as the actual or proximate result of Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct.

65. As a result of the Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions and/or inactions, Plaintiffs are entitled to damages in excess of $15,000.

66. As a result of Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's actions, Plaintiffs have been forced to retain the undersigned counsel to prosecute this action and Plaintiffs are entitled to recover reasonable attorney's fees and costs.

67. Plaintiffs are informed and believe and thereon allege that the Defendants Rogers, Rogers Holdings, B. Rogers, D. Rogers and the Trust's conduct was willful, wonton and malicious and was done with the conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs are entitled to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Negligence Per Se as to Defendant Airbnb)

68. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

69. Defendant Airbnb's conduct, as described herein, violated Clark County Code 30.44.010 b 7 C and 11.14 and the City of Henderson's Development Code, Chapter 19, among other potential statutes, codes, rules and regulations.

70. Defendant Airbnb's violation of Nevada law is the cause of Plaintiffs' alleged damages and of all others similarly situated.

71. Plaintiffs and all others similarly situated belong to the class of persons that the statutes were meant to protect.

72. Plaintiffs' alleged damages are the type against which the statutes were meant to protect and of all others similarly situated.

73. As a result of the Defendant Airbnb's actions, Plaintiffs and all others similarly situated are entitled to damages in excess of $15,000.

74. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

75. Plaintiffs and all others similarly situated are informed and believe and thereon allege that the Defendant Airbnb's conduct was willful, wanton and malicious and was done with conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs and all others similarly situated are entitled to an award of punitive damages.

### SIXTH CAUSE OF ACTION
**(Negligence as to Defendant Airbnb)**

76. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

77. As set forth above, upon information and belief, the Defendant Airbnb, conducts little or no background screening/investigation relating to the individuals and/or companies that offer their homes for rent in unincorporated Clark County, Nevada and in the City of Henderson, Nevada. As such, the Defendant Airbnb fails to ensure the privacy, safety and security of the individuals that stay in them.

78. With specific regard to Defendants Rogers and/or Rogers Holdings, the Defendant Airbnb failed to appropriately screen and investigate his/their suitability to offer rental homes through the Defendant Airbnb's website. Further, upon information and belief, Defendant Rogers is a convicted felon.

79. In addition, prior to the Plaintiffs' stay at the home, Rogers and/or Rogers Holdings had repeatedly violated the Defendant Airbnb's Terms of Service and should have been banned from renting the home on the Defendant Airbnb's website well before the Plaintiffs' stay there.

80. Defendant Airbnb, owed a duty to Plaintiffs and all other similarly situated to appropriately screen and investigate the individuals/companies that offer their homes for rent on the Defendant Airbnb's website.

81. Defendant Airbnb has breached its duty to Plaintiffs and all others similarly situated.

82. Defendant Airbnb's conduct is the cause of Plaintiffs' alleged damages and all others similarly situated.

83. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated are entitled to damages in excess of $15,000.

84. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

85. Plaintiffs and all others similarly situated are informed and believe and thereon allege that the Defendant Airbnb's conduct was willful, wanton and malicious and was done with conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs and all others similarly situated are entitled to an award of punitive damages.

## SEVENTH CAUSE OF ACTION
### (Negligent Misrepresentation as to Defendant Airbnb)

86. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

87. Defendant Airbnb negligently misrepresents through its website and other media that short-term rentals are legal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

88. Alternatively, Defendant Airbnb negligently omits on its website and in other media that short-term rentals are illegal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

89. Moreover, the fact that Defendant Airbnb permits short-term rentals in unincorporated Clark County, Nevada and in the City of Henderson, Nevada misleadingly implies that they are in fact legal, when they are not.

11

90. As a result of the Defendant Airbnb's actions, Plaintiffs and all others similarly situated are entitled to damages in excess of $15,000.

91. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

92. Plaintiffs and all others similarly situated are informed and believe and thereon allege that Defendant Airbnb's conduct was willful, wanton and malicious and was done with conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs and all others similarly situated are entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
### (Fraud/Fraud in the Inducement as to Defendant Airbnb)

93. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

94. Defendant Airbnb intentionally misrepresents through its website and other media that short-term rentals are legal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

95. Alternatively, Defendant Airbnb intentionally omits on its website and in other media that short-term rentals are illegal in both unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

96. Moreover, the fact that Defendant Airbnb permits short-term rentals in unincorporated Clark County, Nevada and in the City of Henderson, Nevada misleadingly implies that they are in fact legal, when they are not.

97. As a result of the Defendant Airbnb's actions, Plaintiffs and all others similarly situated are entitled to damages in excess of $15,000.

98. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

99. Plaintiffs and all others similarly situated are informed and believe and thereon allege that Defendant Airbnb's conduct was willful, wanton and malicious and was done with conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs and all others similarly situated are entitled to an award of punitive damages.

### NINTH CAUSE OF ACTION
(Deceptive Trade Practices as to Defendant Airbnb)

100. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

101. On behalf of Plaintiffs and all others similarly situated, Defendant Airbnb engages in a deceptive trade practice pursuant to Nev. Rev. Stat. Ch. 598 by permitting, promoting and profiting from short-term home rentals through its website, notwithstanding the fact it knows or should know that such rentals are illegal in unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

102. As a result of the Defendant Airbnb's actions, Plaintiffs and all others similarly situated are entitled to damages in excess of $15,000.

103. As a result of Defendant Airbnb's actions, Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

104. Plaintiffs and all others similarly situated are informed and believe and thereon allege that Defendant Airbnb's conduct was willful, wanton and malicious and was done with conscious disregard of Plaintiffs' rights. As a direct result, Plaintiffs and all others similarly situated are entitled to an award of punitive damages.

### TENTH CAUSE OF ACTION
(Declaratory Relief as to Defendant Airbnb)

105. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

106. A justiciable controversy has arisen as to the appropriateness of the Defendant Airbnb permitting, promoting and profiting from short-term home rentals through its website, that are illegal in unincorporated Clark County, Nevada and in the City of Henderson, Nevada.

107. A judicial declaration of the parties' rights is necessary to avoid any further dispute relating to the issues set forth herein.

108. As a result of Defendant Airbnb's actions and/or inactions, the Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

### ELEVENTH CAUSE OF ACTION
### (Injunctive Relief as to Defendant Airbnb)

109. Plaintiffs repeat and reallege each and every fact and allegation contained in this First Amended Complaint and incorporate the same herein by reference as though fully set forth herein.

110. The Plaintiffs hereby request that the Court issue a permanent injunction, enjoining the Defendant Airbnb from permitting short-term rentals through its website in both unincorporated Clark County, Nevada and in the City of Henderson Nevada.

111. As a result of Defendant Airbnb's actions and/or inactions, the Plaintiffs and all others similarly situated have been forced to retain the undersigned counsel to prosecute this action and are entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs and all others similarly situated pray for judgment as follows:

A. For damages in an amount to be determined at trial, but in excess of $15,000.00;

B. For exemplary or punitive damages;

C. Attorney's fees and costs of suit;

D. Prejudgment and post-judgment interest on the amounts owed;

E. For declaratory and injunctive relief as set forth above; and

///
///
///

F.  Any further relief this Court deems proper.

DATED this 6th day of December, 2017.

                        SEMENZA KIRCHER RICKARD

                        /s/ Lawrence J. Semenza, III
                        Lawrence J. Semenza, III, Bar No. 7174
                        Christopher D. Kircher, Bar No. 11176
                        Jarrod L. Rickard, Bar No. 10203
                        10161 Park Run Dr., Ste. 150
                        Las Vegas, Nevada 89145

                        *Attorneys for Attorneys for Plaintiffs Colin Marshall, Caroline Ventola, Chris Cheng, Daniel Dykes and Winston Cheng*

15

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I hereby certify that I am an employee with Semenza Kircher Rickard, and that on the 6th day of December, 2017, I caused to be sent via Odyssey's online e-file and serve system, a true copy of the foregoing **FIRST AMENDED COMPLAINT** to the following registered e-mail addresses:

KEATING LAW GROUP
Merina Bullock Hansen. – mhansen@keatinglg.com
Susan E. Boschee - sboschee@keatinglg.com

*Attorneys for Defendants, Barbara L. Rogers, Dannie Earl Rogers and the Rogers Family Trust*

ZIMMERMAN LAW FIRM
Brian F. Zimmerman, Esq., bzimmerman@za-law.com
Jonathan Roberts, Esq., jroberts@za-law.com
Janet, jkumagai@za-law.com, zimlaw@gmail.com
Judy, jnomoto@za-law.com

*Attorneys for Defendants, Rogers Holdings II, LLC T/A Casa Rogers Private Estate and Christopher Gregory Rogers*

/s/ Jennifer A. Bidwell
An Employee of Semenza Kircher Rickard

16