|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | Colin Marshall, et al., | Case No.: 2:18-cv-00078-JAD-CWH |
| 4 | Plaintiffs | **Order Overruling Plaintiffs' Objection and Affirming Magistrate Judge's Order Staying General Discovery** |
| 5 | v. | |
| 6 | Christopher Gregory Rogers, et al., | [ECF Nos. 73–75] |
| 7 | Defendants | |

Plaintiffs Colin Marshall, Caroline Ventola, Chris Cheng, Daniel Dykes, and Winston Cheng (Winston) allege that Winston used Airbnb to rent a house in unincorporated Clark County, Nevada, from Christopher Gregory Rogers for all of the plaintiffs to stay in for six days in January 2016.[1] But when plaintiffs discovered video cameras hidden throughout the house, including in private areas like bedrooms and bathrooms, they called law enforcement and stayed elsewhere. Serving as representatives in a putative class action, plaintiffs sue Airbnb, Inc. and a handful of defendants who they contend own, manage, or benefit from the rental of that home (the Rogers defendants).

After removing this case to federal court, Airbnb moved to compel plaintiffs to arbitrate their claims against it, and to stay this case pending arbitration.[2] It argued that each plaintiff agreed to Airbnb's terms of service (TOS)—which contain an agreement to arbitrate—or is bound by the principles of agency and estoppel to Winston's agreement. Airbnb also contended that the parties clearly and unmistakably agreed to delegate questions about the scope of the arbitration clause to the arbitrator. In my last order, I found that each plaintiff had signed up for

---

[1] ECF No. 1-2 (first-amended complaint).
[2] ECF No. 8.

a user account with Airbnb and agreed to at least one version of the TOS.[3]  But Airbnb had not demonstrated that Dykes or Winston agreed to arbitrate when they each agreed to the third and fourth versions of the TOS, or when Dykes agreed to the sixth version of the TOS.  I also found that Airbnb had not shown that the parties clearly and unmistakably delegated questions about the arbitration clause's scope to the arbitrator.  Because key questions of law and possibly fact still surround that issue, I denied Airbnb's motion to compel arbitration without prejudice.

Airbnb then moved to continue the stay of general discovery that Magistrate Judge Hoffman had imposed while the motion to compel arbitration was pending.[4]  Airbnb also sought limited discovery into whether Dykes and Winston had agreed to arbitrate their claims against Airbnb.  Judge Hoffman granted the motion in full, but at plaintiffs' request, stayed the start of limited discovery until I could review his order to stay general discovery.[5]  So, plaintiffs filed an objection to Judge Hoffman's decision under Local Rule IB 3-1,[6] which permits me to reverse or modify a magistrate judge's order on a referred pre-trial matter only if the decision is "clearly erroneous or contrary to law."  Because the Federal Arbitration Act (FAA) requires district courts to determine whether the parties' dispute falls within the scope of their arbitration agreement before advancing to the merits, Judge Hoffman properly stayed general discovery, and I therefore affirm his order.

## Discussion

Plaintiffs have curiously failed to address or even cite the relevant standard of review. Instead, they primarily contend that, because Airbnb has not yet renewed its motion to compel

---

[3] ECF No. 55.
[4] ECF No. 56.
[5] ECF No. 73; ECF No. 74 at 39–40.
[6] ECF No. 75.

2

arbitration, there is no dipositive motion pending, which some courts in this circuit consider a condition precedent to staying discovery.[7] But even if I construe this argument as asserting that the stay order is contrary to law, it falls short of the mark. Plaintiffs ignore the fact that I denied Airbnb's motion to compel without prejudice partially because both sides failed to interpret the TOS provision that dictates which Airbnb entity Dykes and Winston contracted with—Airbnb, Inc. or Airbnb Ireland.[8] Airbnb represents that it intends to address these defects in a renewed motion,[9] but it first seeks to conduct limited discovery to ascertain facts potentially relevant to how the TOS provision would apply to this case—such as whether Winston resided in California or in China when he made the rental reservation.[10] Plaintiffs do not contest that the FAA allows for this type of limited discovery.[11] So, although a potentially dispositive motion is not currently pending, one is impending and potentially dependent in part on Airbnb's ability to conduct arbitration-related discovery.

Because plaintiffs do not object to Airbnb conducting this limited discovery, they appear to contend that they should be permitted to simultaneously conduct general discovery relevant to their class-action claims. But when an arbitration agreement exists, the FAA requires courts to determine only whether the parties' dispute "falls within the scope of [their] agreement to

---

[7] *Id*. at 8–10; *Abrego v. U.S. Bank Nat. Ass'n*, No. 2:13-CV-01795-JCM, 2014 WL 374755, at *1 (D. Nev. Jan. 31, 2014) ("Courts have applied a two-part test when evaluating whether discovery should be stayed in the face of dispositive motions, which judges in this district have adopted." (citation omitted)); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

[8] ECF No. 55 at 11–12.

[9] ECF No. 56 at 2.

[10] *See* ECF No. 74 at 11.

[11] *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) ("The FAA provides for discovery and a full trial in connection with a motion to compel arbitration only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'" (quoting 9 U.S.C. § 4)).

3

arbitrate."[12] Here, that entails deciding whether the agreement extends to Dykes and Winston, and any discovery exceeding this narrow inquiry is improper at this stage.[13] Plaintiffs have therefore failed to demonstrate that the order staying general discovery was contrary to law.

But plaintiffs further argue that, because the Roger defendants are not parties to the arbitration agreement, general discovery should proceed against them.[14] Judge Hoffman addressed this point, concluding that creating divergent paths for discovery in this case would cause confusion.[15] His decision is well within the "broad discretion" vested in district courts "to permit or deny discovery" and thus not contrary to law.[16]

Finally, plaintiffs contend that a stay of general discovery will cause them prejudice that "far outweighs" the prejudice that discovery would cause Airbnb.[17] But plaintiffs have failed to cite any authority demonstrating that a party's potential prejudice is relevant to whether a case may proceed on the merits before arbitrability is decided. And even if I could consider this factor, plaintiffs understate the prejudice that general discovery would cause Airbnb: if I ultimately determine that all the plaintiffs must arbitrate their claims against Airbnb, then subjecting Airbnb to general discovery at this point would strip it of the benefit of its arbitration agreement.

---

[12] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000).

[13] *See Hibler v. BCI Coca-Cola Bottling Co.*, No. 11-CV-298 JLS-NLS, 2011 WL 4102224, at *2 (S.D. Cal. Sept. 14, 2011) (concluding that merits discovery was "surely inappropriate" while the parties conducted limited discovery to determine whether the arbitration agreement was enforceable).

[14] ECF No. 74 at 10.

[15] *Id.* at 35.

[16] *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (brackets omitted).

[17] ECF No. 75 at 11.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' **objection [ECF No. 75] is OVERRULED** and the magistrate judge's order staying general discovery and allowing limited arbitration discovery **[ECF Nos. 73–74] is AFFIRMED**.

Dated: October 19, 2018

_____
U.S. District Judge Jennifer A. Dorsey